UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNY HANNIGAN,                                           **COMPLAINT**
                                                                              **Index No.:**
                       Plaintiff,

                                                                             **JURY TRIAL DEMANDED**
       -against-

COUNTY OF NASSAU, POLICE OFFICER
GARY R. ZIMA, POLICE OFFICER RACHEL
MILLER, DETECTIVE SERGEANT PETER
HANNIGAN, AND JOHN DOE NASSAU
COUNTY POLICE DEPARTMENT OFFICERS,

                     Defendants.
------------------------------------------------------------X

       The Plaintiff, complaining of the defendants, by her attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that she suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York..

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.      That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5.      The matter in controversy exceeds, exclusive of interest and costs, the sum or

value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7. That this Court has jurisdiction to hear Plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8. Pursuant to the Seventh Amendment of the United States Constitution, Ms. Hannigan requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9. Plaintiff, Jenny Hannigan, is a resident of Nassau County in the State of New York.

10. Defendant County of Nassau is a municipality that is a political subdivision of the State of New York, was the employer of defendants Gary M. Zima, Rachel Miller, Peter Hannigan, and John Doe Nassau County Police Officers are and were at all times relevant to this complaint responsible for the policies, practice, and customs of the Nassau County Police Department.

11. Defendants Gary M. Zima, Rachel Miller, Peter Hannigan, and John Doe Nassau County Police Officers were at all times relevant to this complaint duly appointed and acting police officers of the Nassau County Police Department, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York. Defendants Gary M. Zima, Rachel Miller, Peter Hannigan, and John Doe Nassau County Police Officers are sued in their individual capacity and official capacity.

## STATEMENT OF FACTS

12. On June 10, 2011 at approximately 2:15 a.m. Plaintiff Jenny Hannigan was

driving her vehicle when she was pulled over by defendants Gary R. Zima and Rachel Miller who were operating Radio Motor Patrol # 416.

13. Plaintiff was arrested and taken into custody for suspicion of driving while under the influence of alcohol.

14. Plaintiff was placed into the back seat of the patrol cruiser.

15. Defendant Rachel Miller drove the police vehicle while Gary R. Zima got into the back of the police cruiser alongside Plaintiff.

16. Plaintiff was handcuffed with her hands behind her back while she was seated in the back of the police cruiser.

17. While handcuffed and sitting in the back of the police vehicle, defendant Gary R. Zima digitally abused Plaintiff by placing his hands and fingers inside of and around the Plaintiff's vagina and vaginal area.

18. When Plaintiff complained of the abuse to the Nassau County Police Department, an Internal Affairs Unit investigation was commenced.

19. On November 26, 2012, the Nassau County Police Department's Internal Affairs Unit closed the investigation finding that the allegation that defendant Zima forcibly touched and sexually abused Jenny Hannigan was "undetermined".

20. However, as a result of that same investigation, the Nassau County Police Department's Internal Affairs Unit determined that the allegation against defendant Zima that he sent a text message to Jenny Hannigan three days after the incident (asking her how she was doing), was "founded". It was determined that on June 13, 2011, defendant Zima violated Rules and Regulations of the Nassau County Police Department for sending Plaintiff this text message.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS PURSUANT TO 42 U.S.C. § 1983 EXCESSIVE FORCE

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

22. That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that defendant Zima sexually assaulted Plaintiff by placing his hands and fingers inside of and around the Plaintiff's vagina and vaginal area.

23. It is clearly established that at the time of Plaintiff's arrest, the defendant had fair warning that the sexual assault of Plaintiff was unconstitutional.

24. That by reason of this sexual assault, Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and she was otherwise injured.

25. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS VIA THE DEFENDANT OFFICERS' FAILURE IN THEIR AFFIRMATIVE DUTY TO INTERVENE

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

27. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual defendants.

28. That there exists a duty for defendant police officers to intervene to prevent the

preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

29. That such opportunity existed for defendant Miller in the instant case.

30. That defendant Miller, by failing in her affirmative duty to intervene is responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

31. That by reason of the unlawful sexual assault, the Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

32. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 – SUPERVISOR LIABILITY

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

34. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant Hannigan and John Doe Unidentified Officers who were supervisors, monitors and overseers of the officers who violated and abused Plaintiff's rights.

35. That these defendants Hannigan and John Doe Unidentified Officers who were supervisors, had actual and constructive knowledge of the sexual assault of Plaintiff which was committed by their subordinates against the Plaintiff.

36. That the defendant supervisors did cause the Plaintiff's harms by failing to take

Officer Zima and Officer Miller off of the streets and by permitting them to continue to be in a position to commit constitutional violations.

37. That after conducting a full investigation and after becoming fully aware that defendant Zima committed the penal law violation of forcible touching and that defendant Miller failed to intervene while such penal law violation was being committed in her presence, defendants Hannigan and John Doe Unidentified Officers were obviously acting under a policy and custom of tolerating, covering up, and/or ignoring such aberrant and unconstitutional conduct, and/or were otherwise grossly negligent in their managing of their subordinates, in their conducting of their internal investigations, in their monitoring of their subordinates, and in their failing to discipline their subordinates.

38. That after conducting a full investigation and after finding that defendant Zima did in fact violated Nassau County Police Department Rules and Regulations by text messaging Ms. Hannigan three days after her arrest and, after being made aware of the allegations of a sexual assault brought by Ms. Hannigan, defendants Hannigan and John Doe Unidentified Officers failed to conduct a thorough investigation into the sexual allegations, failed to refer the matter to the Nassau County District Attorney's Office for an investigation, and were obviously acting under a policy and custom of tolerating, covering up, and/or ignoring such aberrant and unconstitutional conduct, and/or at a minimum were acting with reckless disregard for Plaintiff's constitutional rights and/or were otherwise grossly negligent in their managing of their subordinates, in their conducting of their internal investigations, in their monitoring of their subordinates, and in their failing to discipline their subordinates.

39. That by reason of the unlawful assault, the Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the

6

community and she was otherwise injured.

40. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 BY THE COUNTY OF NASSAU– MONELL CLAIM

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

42. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant County of Nassau.

43. Defendant County of Nassau, the defendant Hannigan and John Doe Unidentified Officers of the Internal Affairs Unit of the Nassau County Police Department committed illegal acts in failing to properly investigate criminal allegations, in failing to report criminal allegations against one of their subordinates to the Nassau County District Attorney's Office, and in covering up the criminal conduct of one of their officers by determining that the allegations were "Undetermined" when Plaintiff gave a detailed account of forcible touching perpetrated upon her by defendant Zima.

44. The decision and inaction of the Internal Affairs Unit of the Nassau County Police Department, the officials in charge of investigating, monitoring, and recommending discipline, demonstrates a clear showing of deliberate indifference to the constitutional rights of Plaintiff and their inaction constitutes a deliberate choice to disregard Plaintiff's constitutional rights. At a minimum, their acquiescence demonstrates a policy and/or custom of disregarding the constitutional rights of the citizens of Nassau County.

45. The decision and inaction of the Internal Affairs Unit of the Nassau County Police Department was clearly the result of a conscious choice and not mere negligence. The Internal Affairs Unit of the Nassau County Police Department found that defendant Zima violated its Rules and Regulations when he sent a text message to Ms. Hannigan three days after her arrest asking her how she was doing. Having this information, finding that in fact this did occur, and being presented with allegations of a sexual assault occurring, the dismissive action of issuing a decision of "Undetermined", of failing to in anyway further investigate, of failing to make a referral to the District Attorney's office, of failing to bring about and issue specifications and charges for an administrative tribunal to investigate, and of failing to in any way discipline defendant Zima, demonstrates Nassau County's deliberate indifference to the constitutional rights of its citizens and specifically demonstrates the County's policy and custom of having the Internal Affairs Unit of the Nassau County Police Department cover up the unlawful and illegal acts perpetrated by its officers.

46. Defendant County of Nassau, the defendant Hannigan and John Doe Unidentified Officers who were supervisors, monitors, overseers and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Plaintiff's Constitutional rights under the constitution and the laws of the United States, in that they failed to adequately monitor, discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

47. Defendant County of Nassau, the defendant Hannigan and John Doe Unidentified Officers who were supervisors, monitors, overseers and final decision makers as a matter of policy and practice, have continually and repeatedly failed to investigate complaints of sexual

misconduct perpetrated by its officers, have failed to refer such complaints to an administrative tribunal by way of bringing about specifications and charges against such officers, and have failed to refer such complaints to the Nassau County District Attorney's office. Such complaints are completely dismissed and covered up.

48. Dating back to November of 2006, Nassau County has consistently had a policy and custom of ignoring allegations of sexual abuse and misconduct perpetrated upon females in law enforcement custody by one of its male officers. In the cases of <u>Bridgwood v. County of Nassau</u>, <u>Erdogan v. County of Nassau,</u> and <u>Stamile, Hinds, Paiz, Braccia, and Little v. County of Nassau</u>, Nassau County and its officials systematically ignored the sexual misconduct and abuse perpetrated by one of its Corrections Officers and, employees of the County of Nassau in charge of running the prison system and the jails, ignored, allowed and covered up the abuse of its employee. The defendant officer in those cases, Mark Barber, was found guilty after a jury trial of sexual abuse and other related crimes perpetrated upon the Plaintiffs in the above referenced cases. The supervisors in charge of the officers and the internal investigation monitoring system for the officers failed to bring about any charges or allegations of official and criminal misconduct.

49. Such reckless disregard for and deliberate indifference to their own internal policing and monitoring was an undeniable and clear indication that constitutional deprivations would result from the policy and practice of failing to properly conduct internal investigations and allowing for investigations to be terminated as "Undetermined" when there were allegations of criminal conduct perpetrated by subordinate officers.

50. That by reason of the County's policy, practice and custom of conducting inadequate investigations, covering up officers' criminal conduct, and failing to monitor,

discipline and retrain officers, the Plaintiff was caused to suffer a forcible touching and sexual assault at the hands of one of the County's own subordinates and as a result the Plaintiff suffered physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, her reputation in the community and she was otherwise injured.

51. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Jenny Hannigan prays as follows:

A. That the Court award compensatory damages to her and against the defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to her, and against all individual defendants, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For pre-judgment and post-judgment interest and recovery of her costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which she may be entitled.

Dated: October 9, 2013
Garden City, New York

BARKET MARION EPSTINE & KEARON, LLP


By: /s/ Amy B. Marion
Amy B. Marion, Esq.
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500